NOT DESIGNATED FOR PUBLICATION

No. 122,001

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVEN KENT BLOOM,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed June 26, 2020.
Affirmed.

*Steven Kent Bloom*, appellant pro se.

*Fred W. Phelps, Jr.*, deputy chief legal counsel, of Kansas Department of Corrections, for
appellees.

Before BRUNS, P.J., GREEN, J., and TIMOTHY J. CHAMBERS, District Judge, assigned.

PER CURIAM: Steven Kent Bloom, acting pro se, appeals the trial court's summary
dismissal of his K.S.A. 60-1501 petition. Bloom argues that the trial court erred when it
summarily dismissed his K.S.A. 60-1501 petition. In his petition, he challenged the
decision of the Kansas Parole Board (Board) to deny him parole. On appeal, Bloom
argues that the Board made factual errors in denying his parole request. He also argues
that the trial judge who summarily dismissed his K.S.A. 60-1501 petition should have
recused himself. Because we conclude that both of Bloom's arguments are unpersuasive,
we affirm.

1

On October 14, 1998, Bloom shot his ex-girlfriend, Deanna Porter, in the head with a 12-gauge shotgun. The State charged Bloom with intentional second-degree murder. At his jury trial, Bloom testified that he accidentally shot Porter. Bloom's testimony contradicted what he initially told police, which was that he had shot Porter in self-defense. The jury rejected Bloom's testimony that he accidentally shot Porter, convicting him of intentional second-degree murder. Later, the trial court sentenced Bloom to life in prison, with parole eligibility after 10 years. *State v. Bloom*, 273 Kan. 291, 44 P.3d 305 (2002).

The Board denied Bloom's parole request during his first parole eligibility hearing in 2008. The Board also denied Bloom's parole request during his second parole eligibility hearing in 2018. The Board explained that it denied Bloom's second parole request because Bloom committed a violent crime and he continued to deny responsibility for his actions.

After the denial of Bloom's second parole request, he petitioned for relief under K.S.A. 60-1501. In his K.S.A. 60-1501 petition, Bloom argued that the Board made factual errors. Specifically, Bloom took issue with the Board's finding that his crime was violent in nature and that he denied responsibility for his actions. Bloom asserted that both findings were errant because the sentencing court found that it was unclear from what distance he had shot Porter and because he had called emergency services after shooting her. In turn, Bloom asked the trial court to reverse the Board's decision because it was arbitrary, shocking, and intolerable.

The trial court summarily dismissed Bloom's K.S.A. 60-1501 motion for failing to state a claim upon which relief could be granted. In explaining its reasons for dismissing Bloom's petition, the trial court stated the following:

"Petitioner asserts that there was a factual debate at trial about how far away he was at the time he fired the weapon and that under his version of the facts (self-defense) the incident could not constitute a violent crime.

"The self-defense and violence debate were long ago settled by his original conviction of murder by the jury and his subsequent appeal. Murder, by its very definition is a violent act. It matters not how many feet the victim was away from Bloom when he fired the fatal shot.

"He also challenges the Prison Review Board's conclusion that he refuses to take responsibility for his crime. However, claiming self-defense is a form of denying legal responsibility for an act that would otherwise be a crime. Petitioner makes no claim that he was denied a hearing. He only objects to the conclusions."

After the trial court dismissed his K.S.A. 60-1501 petition, Bloom timely moved to alter or amend the court's order of dismissal. Bloom argued that the trial court erred by summarily dismissing his petition for three reasons. In addition to making his previous argument, Bloom argued that he had accepted responsibility for his crime. In making this argument, Bloom referred to a letter he had previously written to Porter's family. In the letter, he asked for forgiveness and stated that "he did not mean to murder [Porter].'" Then, he contested the trial court's finding that he had challenged just the Board's conclusions. In making this argument, he referred to his K.S.A 60-1501 contention that the Board acted arbitrarily, shockingly, and intolerably.

Next, Bloom filed a motion requesting that the judge who summarily dismissed his K.S.A. 60-1501 petition recuse himself so another judge could consider his motion to alter or amend. But Bloom included no argument why the current judge needed to recuse himself.

Ultimately, the judge denied Bloom's motion to recuse. Then, the judge denied Bloom's motion to alter or amend.

Bloom has timely appealed the trial court's decisions to this court.

*Did the trial court err by summarily dismissing Bloom's K.S.A. 60-1501 petition?*

Petitioners are not entitled to relief under K.S.A. 2019 Supp. 60-1501 unless they allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Summary dismissal is appropriate if the petition establishes that the petitioner "is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a). When considering the trial court's summary dismissal of a K.S.A. 60-1501 petition, appellate courts exercise de novo review. 289 Kan. at 649.

On appeal, Bloom continues to make some of the same arguments that he made before the trial court. For example, he still contends that he has accepted responsibility for his crime, pointing to the letter he wrote to Porter's family. Also, he still argues that the trial court wrongly found that he objected only to the Board's conclusions by pointing to his K.S.A. 60-1501 contention that the Board's actions were arbitrary, shocking, and intolerable. Nevertheless, his argument regarding the violent nature of his crime has changed. Previously, Bloom asserted that his crime was not violent based on the distance from which he shot Porter. Now, Bloom alleges that he never contested the violent nature of his crime. Additionally, he seemingly contests whether the Board could rely on the violent nature of his crime to deny his parole request.

The Board responds that "'because parole is a privilege . . . , this court's review of the denial of [Bloom's] parole is limited to whether the [Board] complied with applicable statutes and whether its action was arbitrary and capricious.'" *Payne v. Kansas Parole Bd.*, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994). The Board then argues that the trial

court correctly denied Bloom's K.S.A. 60-1501 petition because Bloom failed to show that the Board violated the applicable statutes or acted arbitrarily, shockingly, or intolerably. We agree.

Here, each of Bloom's arguments is meritless. First, Bloom's argument regarding whether his crime was violent in nature is unpersuasive. His argument before the trial court, which hinged on whether his crime of intentional second-degree murder was violent in nature because it was unclear from what distance he shot Porter, is nonsensical. As the trial court found when dismissing his petition, "[t]he self-defense and violence debate were long ago settled by his original conviction of murder by the jury and his subsequent appeal. Murder, by its very definition is a violent act."

Also, Bloom's current argument, which hinges on his belief that the Board cannot deny parole simply because an inmate committed a violent crime, ignores our Supreme Court precedent. For example, the court held the following:

> "[T]he nature of the crime is a consideration to be taken into account and thus can be
> cited as a reason for denial of parole. . . . The acts of one person in committing an offense
> may be quite different and much less or much more shocking and heinous than the acts of
> another person in committing the same statutorily defined offense." *Gilmore v. Kansas
> Parole Bd.*, 243 Kan. 173, 177, 756 P.2d 410 (1988), *cert. denied* 488 U.S. 930 (1988).

In addition, this court has upheld parole denial based on the violent nature of the inmate's crime. See *Spry v. Kansas Prisoner Review Bd.*, No. 118,993, 2018 WL 5091729, at *3 (Kan. App. 2018) (unpublished opinion); *Galloway v. Kansas Parole Bd.*, No. 110,637, 2014 WL 2229548, at *1-2 (Kan. App. 2014) (unpublished opinion).

Next, despite Bloom's argument to the contrary, it is readily apparent that he has not accepted responsibility for his crime. To support his responsibility argument, Bloom points to his letter to Porter's family in which he asked for forgiveness. Yet, in this same

5

letter, Bloom told Porter's family that "he did not mean to murder [Porter]." Furthermore, in one filing before the trial court, Bloom stated that he had "always claimed 'accidental shooting in self-defense'" and had "never acknowledged any criminal liability."

Simply put, Bloom cannot assert that he accepted responsibility for his crime while, at the same time, assert that he committed no crime. Those assertions are entirely contradictory and mutually exclusive. Also, Bloom's continued reliance on his letter to Porter's family shows that he has not accepted responsibility. Clearly, someone who has accepted responsibility for his or her crime of intentional second-degree murder would not tell the victim's family that he or she did not mean to commit the murder of their family member.

Finally, Bloom argues that the trial court incorrectly ruled that he objected only to the Board's conclusion. Bloom here sets up an argumentative ploy which is referred to as a straw person. Bloom wishes to respond to an argument of his own choosing and not one that is actually presented. For example, Bloom's argument hinges on his K.S.A. 60-1501 contention that the Board acted arbitrarily, shockingly, and intolerably when denying his parole request. While Bloom made this contention before the trial court, the trial court never ruled that he did not make this contention. Instead, as noted, the trial court determined that he objected only to the Board's decision to deny him parole. And this finding is correct because, in his K.S.A. 60-1501 petition, Bloom challenged only the Board's conclusion to deny him parole based on his argument that the Board made factual errors.

As a result, Bloom contests the trial court's finding that he challenged only the Board's conclusion by advancing a determination that the trial court never made, namely, that he never alleged that the Board acted arbitrarily, shockingly, and intolerably when denying his parole request. Thus, Bloom has committed the straw person fallacy, and his argument fails.

6

In summary, none of Bloom's arguments regarding why the trial court erred in summarily dismissing his K.S.A. 60-1501 petition has merit. As a result, we affirm the summary dismissal of Bloom's K.S.A. 60-1501 petition.

*Did the judge err by not recusing himself?*

Our Supreme Court has created the following test when deciding whether a judge has a duty to recuse:

> "First, the defendant must show that the trial judge has a duty to recuse. Second, the defendant must show actual bias or prejudice that warrants setting aside the conviction or sentence. But bias or prejudice will be presumed when, based on objective standards, the probability of actual bias is too high to be constitutionally tolerable." *State v. Robinson*, 293 Kan. 1002, 1032, 270 P.3d 1183 (2012).

On appeal, Bloom argues that trial judge's order denying his motion to recuse was insufficient because it made no findings of fact. He further argues that the very fact the judge denied his motion establishes that the judge was biased against him. He also complains about not receiving the order denying his motion to alter or amend for more than three months after the judge's ruling.

Nevertheless, Bloom's argument ignores that he has the burden of establishing the trial judge's duty to recuse. In his recusal motion, Bloom simply asked the judge to recuse. He provided no argument why the judge should recuse or evidence supporting judicial bias. Because Bloom merely asked the judge to recuse himself without any evidence or argument to support the judge's recusal, there were no fact-findings or rulings for the judge to make when denying Bloom's motion.

Next, Bloom's complaint about not receiving the order denying his motion to alter or amend for more than three months after the trial judge signed it is irrelevant. He asserts that he suffered injury from this delay. Yet, he has not stated what injury he suffered. Additionally, the judge denied Bloom's motion to alter or amend after Bloom had requested the judge's recusal. Thus, Bloom's delay in receiving the order denying his motion to alter or amend was not an issue before the judge when he denied Bloom's recusal motion. So, the judge could not have erred by denying Bloom's recusal motion for this reason.

In short, neither of Bloom's arguments about the trial judge's duty to recuse has merit. Also, Bloom has completely failed to show an actual bias requiring reversal of his motion to alter or amend. Therefore, we conclude that Bloom is not entitled to such relief.

Affirmed.